**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2228

_____

UNITED STATES OF AMERICA

v.

MARIO TILLER,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2:18-cr-00243-001
District Judge: Honorable Joy Flowers Conti

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 27, 2021

Before: SMITH, *Chief Judge*, PHIPPS, and ROTH, *Circuit Judges*

(Filed: June 11, 2021)
_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Mario Tiller appeals his criminal conviction and sentence. For the reasons that follow, we will affirm the District Court's judgment.

I.

In November 2019, Tiller pleaded guilty to all three counts of a superseding indictment charging him with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possession with intent to distribute and distribution of cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). Defense counsel conceded that, based on Tiller's prior convictions, he was properly classified as a career offender, *see* U.S.S.G. § 4B1.1(a), and an armed career criminal, *see* 18 U.S.C. § 924(e).

Because Tiller suffers from a serious mental illness, a mental health professional evaluated him, concluded that he did not require hospitalization, and adjudged him competent to plead guilty. At sentencing, the District Court concluded that his applicable Sentencing Guidelines range was 262 to 327 months. Although the District Court denied Tiller's motion for a downward departure based upon his mental health history and diminished capacity, it considered his arguments that he should receive a downward variance. The Court varied downward from the applicable range and sentenced Tiller to 240 months'

2

imprisonment, the mandatory minimum. The District Court also recommended that Tiller receive mental health treatment in prison.

This timely appeal followed.

II.[1]

On appeal, Tiller contends that his twenty-year sentence violates the Eighth Amendment's ban on cruel and unusual punishment because he suffers from schizophrenia. Tiller did not preserve this Eighth Amendment claim in the District Court, so we will review for plain error.[2] *See United States v. Burnett*, 773 F.3d 122, 130 (3d Cir. 2014). We may reverse only if there was an error that is plain, affects the outcome, and seriously impacts the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 734–36 (1993).

When applied to non-capital sentences, the Eighth Amendment contains a "narrow proportionality principle." *Burnett*, 773 F.3d at 136 (citing *Ewing v. California*, 538 U.S. 11, 20 (2003)). As a "gateway" to the proportionality inquiry, a defendant must demonstrate "a gross imbalance between the crime and the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.
[2] Although Tiller argued to the District Court that his sentence was "grossly excessive" in light of his mental illness and also advocated a change in the law, he never claimed that his sentence violated the Eighth Amendment.

3

sentence." *Id.* at 137. In considering proportionality, we give substantial deference to legislative decisions regarding punishments for crimes. *Id.*

Tiller has failed to demonstrate any error. He contends that, like juveniles or those with mental retardation, individuals with schizophrenia are categorically less culpable than other individuals. *See Miller v. Alabama*, 567 U.S. 460 (2012) (holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juveniles); *Atkins v. Virginia*, 536 U.S. 304 (2002) (holding that the Eighth Amendment prohibits the death penalty for mentally handicapped people). But Tiller offers only broad, conclusory arguments, providing no evidence to substantiate his claim that all individuals with schizophrenia are less culpable such that mandatory twenty-year sentences are unconstitutionally disproportionate.

Tiller pleaded guilty to serious crimes, including a drug trafficking offense and two firearms offenses. At his sentencing, Tiller did not dispute his status as a career offender and an armed career criminal. He has a lengthy criminal history which extends over more than two decades and includes convictions for felony drug distribution and theft. And even given the seriousness of his current crimes and his substantial criminal history, the District Court varied downward, imposing a sentence well below the statutory maximum of life imprisonment. Mindful of the deference we afford Congress's choice as to the appropriate punishment for his crimes, we cannot conclude that Tiller has shown a gross imbalance between the

4

crimes to which he pleaded guilty and the statutorily required minimum sentence that the District Court imposed.

Finally, Tiller observes that the District Court was unable to consider "several factors that complicate his case," including his history of mental illness and substance abuse. Tiller Br. 5. He goes on to posit that his sentence should have accounted for his need for treatment and rehabilitation. These observations do not establish that Tiller's sentence was "grossly disproportionate" to his crime under the Eighth Amendment, *see Burnett*, 773 F.3d at 137, and Tiller offers no other basis to conclude that the District Court committed an error in imposing the mandatory minimum sentence.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.